**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION, LONDON**

| | |
|---|---|
| COACH, INC.<br>516 W. 34TH STREET<br>NEW YORK, NEW YORK 10001 | :<br>:<br>:   **Civil Action No.**<br>: |
| and | :<br>: |
| COACH SERVICES, INC.<br>ONE COACH WAY<br>JACKSONVILLE, FLORIDA 32218 | :   **COMPLAINT**<br>:<br>:   **(Jury Demand Endorsed**<br>:   **Hereon)** |
| Plaintiffs, | :<br>: |
| - v. - | :<br>: |
| SEARS GLASS SHOP, LLC<br>c/o BOBBY AND LYNDAL PRICE, OR OWNER<br>OFFICER, OR MEMBER<br>1611 EAST MOUNT VERNON STREET<br>SOMERSET, KENTUCKY 42501 | :<br>:<br>:<br>:<br>: |
| also serve: | :<br>: |
| SEARS GLASS SHOP, LLC<br>c/o BOBBY D. PRICE, REGISTERED AGENT<br>1611 EAST MOUNT VERNON STREET<br>SOMERSET, KENTUCKY 42501 | :<br>:<br>:<br>: |
| and | :<br>: |
| CATHERINE PRICE<br>1611 EAST MOUNT VERNON STREET<br>SOMERSET, KENTUCKY 42501 | :<br>:<br>: |
| and | :<br>: |
| JOHN DOES 1-100<br>SERVICE AGENT UNKNOWN<br>ADDRESS UNKOWN<br>CITY. STATE ZIP CODE, UNKNOWN | :<br>:<br>:<br>: |
| **Defendant(s).** | :<br>: |

Plaintiffs Coach, Inc. and Coach Services, Inc. (hereinafter collectively referred to as "Coach"), through their undersigned counsel, for their complaint against Defendants allege as follows:

## Nature of the Action

1.     This is an action for trademark and trade dress infringement, unfair competition, and trademark dilution under the Lanham Act (15 U.S.C. §§ 1114, 1116, 1117, 1125(a), and (c)); copyright infringement under the US Copyright Act (15 U.S.C. § 101 et. seq.); trademark infringement under KRS §365.601-KRS §365.603, deceptive trade practices and/or unfair competition under KRS §365.100, §365. 990, et. al;  fraud, unfair competition, and other actions recognized under the common law of the State of Kentucky.

## Jurisdiction and Venue

2.     Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), 28 U.S.C. § 1332(a) (diversity of citizenship between the parties), and § 1338(a) (actions arising under an Act of Congress relating to copyrights and trademarks).  This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a).

3.     This Court has personal jurisdiction over the Defendants because they do business and/or reside in the State of Kentucky and, as to the entities, because they do business, are incorporated, and/or are authorized to do business in the State of Kentucky.

4.     Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400 (b), and Local Rule 3.2(d) because Defendants reside in this District, may be found in this District, have a principal place of business in this district, and/or a substantial part of the events giving rise to the claims in this action occurred within this District.

**Parties**

5.      Plaintiff Coach, Inc. is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business in New York, New York. Plaintiff Coach Services, Inc. is a corporation duly organized and existing under the laws of the State of Maryland with its principal place of business in Jacksonville, Florida.

6.      Upon information and belief, Defendant Sears Glass Shop, LLC is a business existing and operating under the laws of the State of Kentucky with a principal place of business in Kentucky.

7.      Upon information and belief, Defendant Sears Glass Shop is a commercial establishment owned and operated by officers/members Bobby and Lyndal Price.

8.      Upon information and belief, Defendant Catherine Price is an individual who resides in Somerset, Kentucky and operates a retail establishment at 1611 East Mount Vernon Street, Somerset, KY 42501.

9.      Upon information and belief, Catherine Price is an employee of Sears Glass Shop LLC, operates a business that is associated with Sears Glass Shop, LLC, or has another type of business relationship with Defendant Sears Glass Shop and its owners, operators and/or managers.

10.      Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as JOHN DOES 1 through 100, inclusive, and therefore sues them by their fictitious names.  Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained.  Plaintiff is informed and believes and based thereon alleges that said Defendants and DOES 1 through 100, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

11.     Plaintiff is informed and believes, and based thereon allege, that at all relevant times herein, Defendants and DOES 1 through 100, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.  Plaintiff further alleges that Defendants and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants and DOES 1 though 100, inclusive, failed and/or refused to perform.

### The World Famous Coach Brand and Products

12.     Coach was founded more than sixty years ago as a family-run workshop in Manhattan.  Since then Coach has been engaged in the manufacture, marketing and sale of fine leather and mixed material products including handbags, wallets, and accessories including eyewear, footwear including shoes, jewelry and watches.  Coach sells its goods through its own specialty retail stores, department stores, catalogs and via an Internet website www.coach.com throughout the United States.

13.     Coach has used a variety of legally-protected trademarks, trade dresses, and design elements/copyrights and patents for many years on and in connection with the advertisement and sale of its products, including those detailed in this Complaint (together, the "Coach Marks").

14.     Coach has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Coach Marks.  As a result, products bearing the Coach Marks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products sourced from Coach, and have acquired strong secondary meaning.  Coach products have also become among the most popular in the world, with Coach's annual global sales currently exceeding three billion dollars.

**The Coach Trademarks**

15.     Coach is the owner of the following United States Federal Trademark

Registrations (hereinafter collectively referred to as the "Coach Trademarks"):

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,088,706 | COACH | 6, 9, 16, 18, 20 and 25 for *inter alia* key fobs, eyeglass cases, satchels, tags for luggage, luggage, backpacks, picture frames, hats, gloves and caps. | September 19, 1997 | COACH |
| 3,157,972 | COACH | 35 for retail store services. | October 17, 2006 | COACH |
| 0,751,493 | COACH | 16, 18 for *inter alia* leather goods, wallets and billfolds. | June 23, 1963 | COACH |
| 2,451,168 | COACH | 9 for *inter alia* eyeglasses and sunglass Cases | May 15, 2001 | COACH |
| 2,537,004 | COACH | 24 for *inter alia* home furnishings. | February 5, 2002 | COACH |
| 1,846,801 | COACH | 25 for *inter alia* men's and women's coats and jackets. | July 26, 1994 | COACH |
| 3,439,871 | COACH | 18 for *inter alia* umbrellas. | June 3, 2008 | COACH |
| 2,061,826 | COACH | 12 for *inter alia* seat covers. | May 13, 1997 | COACH |
| 2,231,001 | COACH | 25 for *inter alia* men and women's clothing. | March 9, 1999 | COACH |
| 2,836,172 | COACH | 14 for *inter alia* sporting goods and stuffed toys. | April 27, 2004 | COACH |
| 2,939,127 | COACH | 9 for *inter alia* camera cases. | April 12, 2005 | COACH |
| 3,354,448 | COACH | 14 for *inter alia* jewelry. | December 11, 2007 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,579,358 | COACH | 20 for *inter alia* pillows, mirrors and glassware. | June 6, 2002 | COACH |
| 2,074,972 | COACH | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | July 1, 1997 | COACH |
| 2,446,607 | COACH | 16 for *inter alia* writing instruments. | April 24, 2001 | COACH |
| 2,291,341 | COACH | 14 for *inter alia* clocks and watches. | November 9, 1999 | COACH |
| 1,071,000 | COACH | 18, 25 for *inter alia* women's handbags. | August 9, 1977 | COACH |
| 3,633,302 | COACH | 3 for *inter alia* perfumes, lotions and body sprays. | June 2, 2009 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 3,363,873 | COACH & LOZENGE DESIGN | 3 for *inter alia* fragrances. | January 1, 2008 | COACH |
| 2,252,847 | COACH & LOZENGE DESIGN | 35 retail services. | June 15, 1999 | COACH |
| 2,291,368 | COACH & LOZENGE DESIGN | 14 for *inter alia* jewelry. | November 9, 1999 | COACH |
| 2,666,744 | COACH & LOZENGE DESIGN | 24 for *inter alia* bed linens. | December 24, 2002 | COACH |
| 2,534,429 | COACH & LOZENGE DESIGN | 9 for *inter alia* eyeglasses, eyeglass frames and sunglasses. | January 29, 2002 | COACH |
| 2,169,808 | COACH & LOZENGE DESIGN | 25 for *inter alia* clothing for men and women. | June 30, 1998 | COACH |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,045,676 | COACH & LOZENGE DESIGN | 6, 9, 16, 18, 20, 25 for *inter alia* key fobs, money clips, phone cases, attaché cases, duffel bags, picture frames, hats, caps and gloves. | March 18, 1997 | |
| 1,070,999 | COACH & LOZENGE DESIGN | 18, 25 for *inter alia* women's handbags. | August 9, 1977 | |
| 1,309,779 | COACH & LOZENGE DESIGN | 9, 16, 18 for *inter alia* eyeglass cases and leather goods such as wallets, handbags and shoulder bags. | December 19, 1984 | |
| 2,035,056 | COACH & LOZENGE DESIGN | 3, 21 for *inter alia* leather cleaning products and shoe brushes. | February 4, 1997 | |
| 2,983,654 | COACH & LOZENGE DESIGN | 18, 24, 25 for *inter alia* handbags, leather goods, fabrics, swimwear, hats and shoes. | August 9, 2005 | |
| 2,626,565 | CC & DESIGN (Signature C) | 18 for *inter alia* handbags, purses, clutches, shoulder bags, tote bags, and wallets. | September 24, 2002 | |
| 2,822,318 | CC & DESIGN (Signature C) | 24 for *inter alia* fabric for use in the manufacture of clothing, shoes, handbags, and luggage. | March 16, 2004 | |
| 2,832,589 | CC & DESIGN (Signature C) | 14, 16, 18, 20, 24, 25, 4, 6, 9 for *inter alia* sunglasses and eye glass cases, leather goods, | April 13, 2004 | |
| 2,832,740 | CC & DESIGN (Signature C) | 28 for *inter alia* stuffed animals. | April 13, 2004 | |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 2,592,963 | CC & DESIGN (Signature C) | 25 for *inter alia* clothing. | July 9, 2002 | |
| 2,822,629 | CC & DESIGN (Signature C) | 35 for retail services for *inter alia* handbags, small leather goods, jewelry and watches. | March 16, 2004 | |
| 3,012,585 | AMENDED CC & DESIGN (Signature C) | 18, 24, 25 for *inter alia* handbags, purses, fabrics and clothing. | November 8, 2005 | |
| 3,396,554 | AMENDED CC & DESIGN (Signature C) | 3 for *inter alia* fragrances. | March 11, 2008 | |
| 3,696,470 | COACH OP ART & Design | 18, 24 and 25 for *inter alia* bags, umbrellas, shoes and the manufacture of these goods. | October 13, 2009 | |
| 3,251,315 | COACH EST. 1941 | 18, 25 for *inter alia* handbags, small leather goods, jackets and coats. | June 12, 2007 | |
| 3,413,536 | COACH EST. 1941 STYLIZED | 14, 18, 25 for *inter alia* handbags, purses, shoulder bags, tote bags, and wallets. | April 15, 2008 | |
| 3,441,671 | COACH LEATHERWARE EST. 1941 [Heritage Logo] | 9, 14, 18, 25 for *inter alia* handbags, leather cases, purses, and wallets. | June 3, 2008 | |
| 3,072,459 | CL STYLIZED | 18 for *inter alia* leather goods. | March 28, 2006 | |
| 3,187,894 | CL STYLIZED | 18, 25 for *inter alia* leather goods and clothing. | December 12, 2006 | |

| Registration No. | Mark | Classes | Date of Registration | Image |
|---|---|---|---|---|
| 1,664,527 | THE COACH FACTORY STORE & LOZENGE DESIGN | 42 for *inter alia* retail services for leather ware. | November 12, 1991 |  |
| 3,338,048 | COACH STYLIZED | 18 for *inter alia* luggage, backpacks and shoulder bags | November 11, 2007 |  |
| 3,149,330 | C & LOZENGE LOGO | 9, 14, 16, 25 for *inter alia* desk accessories, clothing and eye glasses. | September 26, 2006 |  |
| 2,162,303 | COACH & TAG DESIGN | 25 for *inter alia* clothing. | June 2, 1998 |  |
| 2,088,707 | COACH & TAG DESIGN | 18 for *inter alia* accessory cases, backpacks and satchels. | August 19, 1997 |  |

16. These registrations are valid, subsisting, in full force and effect, and have become incontestable pursuant to 15 U.S.C. §1065.

17. The registration of the marks constitutes *prima facie* evidence of their validity and conclusive evidence of Coach's exclusive right to use the Coach Trademarks in connection with the goods identified therein and other commercial goods.

18. The registration of the marks also provides sufficient notice to Defendants of Coach's ownership and exclusive rights in the Coach Trademarks.

19. The Coach Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125 (c)(1).

20. The Coach Trademarks at issue in this case have been continuously used and have never been abandoned.

9

## The Coach Trade Dress

21.     Coach is the owner of a variety of unique and distinctive trade dresses consisting of a combination of one or more features, including sizes, shapes, colors, designs, fabrics, hardware, hangtags, stitching patterns and other non-functional elements comprising the overall look and feel incorporated into Coach products (the "Coach Trade Dresses").

22.     Consumers immediately identify Coach as the single source of high quality products bearing the Coach Trade Dresses.

23.     The Coach Trade Dresses associated with Coach products are independent of the functional aspects of Coach products.

24.     Coach has employed the Coach Trade Dresses associated with its products exclusively and without interruption, and the Coach Trade Dresses have never been abandoned.

## The Coach Copyrights

25.     Many of the decorative and artistic combinations of the design elements present on Coach products are independently protected works under the United States Copyright Laws.  These design elements are wholly original works and fixed in various tangible products and media, thereby qualifying as copyrightable subject matter under the United States Copyright Act, 17 U.S.C. Sections 101 et seq. (hereinafter referred to as the "Coach Design Elements").

26.     Amongst others, Coach has a valid copyright registered with the Copyright Office for its "Legacy Stripe" design (registration number VAu000704542), "Signature C" design (registration number VA0001228917), and "Op Art" design (registration number VA0001694574).

27.     At all times relevant hereto, Coach has been the sole owner and proprietor of all rights, title, and interest in and to the copyrights in the Design Elements used on Coach products, and such copyrights are valid, subsisting and in full force and effect.

### Defendants' Acts of Infringement and Unfair Competition

28.     Upon information and belief, Defendants are engaged in designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale products bearing logos and source-identifying indicia and design elements that are studied imitations of the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements (hereinafter referred to as the "Infringing Products").  Defendants' specific conduct includes, among other things:

A.     On February 14, 2011,  Coach purchased from Defendants $42.40 (FORTY TWO DOLLARS AND FORTY CENTS) a black cloth handbag with black leather accents, bearing at least six (6) marks subject to Coach registered copyrights and trademarks.

B.     On February 14, 2011, Defendants also had available for purchase approximately 100 counterfeit Coach handbags, all of which, based upon information and belief, are counterfeit and bear multiple Coach registered copyrights and trademarks, and Coach trade dresses.

C.     The purchased handbag was inspected by Coach which determined that it is counterfeit and infringes on Coach's intellectual property because:

1)     Sears Glass Shop and/or Catherine Price are not and have never been authorized retailers or manufacturers of Coach merchandise;

2)     The hardware on the purchased handbag (buckles, zippers, metal emblem, zipper pull, etc.) are not the kind which are used by or manufactured by Coach,

3)     The stitching on the handbag is messy and uneven which is not representative of the high quality of authentic Coach products;

4)     The lining of the interior of the purchased handbag is not that which is used by Coach in the production of authentic Coach goods;

5.) The Coach trademarks shown on the purchased handbag are either incorrect or inconsistent with the Coach marks found on authentic Coach merchandise;

6.) The overall quality and craftsmanship of the purchased handbag do not meet the high quality standards of Coach;

7.) The paper price tag attached to the handbag is not that which is used by Coach and lacks required information found on the price tags for authentic Coach items;

8.) The leather Coach story patch found on the interior of the handbag is incorrect in both content and style;

9.) The average MSRP for a comparable authentic Coach handbag is approximately $2985.00.

29. Defendants are well aware of the extraordinary fame and strength of the Coach Brand, the Coach Trademarks, the Coach Trade Dresses, and the Coach Design Elements, and the incalculable goodwill associated therewith.

30. Defendants have no license, authority, or other permission from Coach to use any of the Coach Trademarks, the Coach Trade Dresses, or the Coach Design Elements in connection with the designing, manufacturing, advertising, promoting, distributing, selling, and/or offering for sale of the Infringing Products.

31. Defendants have been engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Coach's rights, or with bad faith, for the purpose of trading on the goodwill and reputation of the Coach Marks and Coach products.

32. Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Infringing Products and Coach.

33. Upon information and belief, Defendants intend to continue to design, manufacture, advertise, promote, import, distribute, sell, and/or offer for sale the Infringing Products, unless otherwise restrained.

34.     Coach is suffering irreparable injury, has suffered substantial damages as a result of Defendant's activities, and has no adequate remedy at law.

**COUNT I**
**(Trademark Counterfeiting, 15 U.S.C. § 1114)**

35.     Coach repeats and realleges the allegations set forth in the preceding paragraphs.

36.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, Coach's Trademarks.

37.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendants' Infringing Products are genuine or authorized products of Coach.

38.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the Coach Marks.

39.     Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

40.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

41.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

42.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT II
(**Trademark Infringement, 15 U.S.C. § 1114**)

43.     Coach repeats and realleges the allegations set forth in the preceding paragraphs.

44.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, Coach's Trademarks.

45.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendant's Infringing Products originate from, or are affiliated with, sponsored by, or endorsed by Coach.

46.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trademarks and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

47.     Defendants' acts constitute trademark infringement in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

48.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

49.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

50.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

## COUNT III
(**Trade Dress Infringement, 15 U.S.C. § 1125(a)**)

51.     Coach repeats and realleges the allegations set forth in the preceding paragraphs.

52.     The Coach Trade Dresses are used in commerce, non-functional, inherently distinctive, and have acquired secondary meaning in the marketplace.

53.     Defendants, without authorization from Coach, have designed, manufactured, advertised, promoted, distributed, sold, and/or offered for sale, and/or are causing to be designed, manufactured, advertised, promoted, distributed, sold, and/or offered for sale, products which contain a collection of design elements that is confusingly similar to the Coach Trade Dresses.

54.     The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade who recognize and associate the Coach Trade Dresses with Coach. Moreover, Defendants' conduct is likely to cause confusion, to cause mistake, or to deceive consumers, the public, and the trade as to the source of the Infringing Products, or as to a possible affiliation, connection or association between Coach, the Defendants, and the Infringing Products.

55.     Upon information and belief, Defendants have acted with knowledge of Coach's ownership of the Coach Trade Dresses and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

56.     Defendants' acts constitute trade dress infringement in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

57.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

58.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

59.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

**COUNT IV**
**(Copyright Infringement, 17 U.S.C. § 501)**

60.     Coach repeats and realleges the allegations set forth in the preceding paragraphs.

61.     Many of the Coach Design Elements contain decorative and artistic combinations that are protected under the United States Copyright Act (17 U.S.C. § 101 et seq.).  These include, but are not limited to, the "Op Art Design", the "CC & Design (Signature C)", and the "Legacy Stripe Design".

62.     Upon information and belief, Defendants had access to and copied the Op Art Design, the CC & Design (Signature C), and other Coach Design Elements present on Coach products.

63.     Defendants intentionally infringed Coach's copyrights in the Op Art Design, the CC & Design (Signature C), and other Design Elements present on Coach products by creating and distributing the Infringing Products, which incorporate elements substantially similar to the copyrightable matter present in the Op Art Design, the CC & Design (Signature C), and other Design Elements present on Coach products, without Coach's consent or authorization.

64.     Defendants have infringed Coach's copyrights in violation of 17 U.S.C. § 501 et seq.

65.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

66.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

67.     Defendants' acts have  damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

16

**COUNT V**
**(False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a))**

68.     Coach repeats and realleges the allegations set forth in the preceding paragraphs.

69.     Defendants' promotion, advertising, distribution, sale, and/or offering for sale of the Infringing Products, together with Defendants' use of other indicia associated with Coach is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of the Infringing Products, and is intended, and is likely to cause such parties to believe in error that the Infringing Products have been authorized, sponsored, approved, endorsed or licensed by Coach, or that Defendants are in some way affiliated with Coach.

70.     The foregoing acts of Defendants constitute a false designation of origin, and false and misleading descriptions and representations of fact, all in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

71.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

72.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

73.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

**COUNT VI**
**(Trademark Dilution, 15 U.S.C. § 1125(c))**

74.     Coach repeats and realleges the allegations set forth in the preceding paragraphs.

75.     The Coach Trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

76.     The Coach Trademarks are famous within the meaning of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

77.     Defendants' use of the Infringing Products, without authorization from Coach, is diluting the distinctive quality of the Coach Trademarks and decreasing the capacity of such marks to identify and distinguish Coach products.

78.     Defendants have intentionally and willfully diluted the distinctive quality of the famous Coach Trademarks in violation of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

79.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

80.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

81.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

**COUNT VII**
**(Kentucky Trademark Infringement)**

82.     Coach repeats and realleges the allegations set forth in the proceeding paragraphs.

83.     Defendants have used reproductions, counterfeits, copies or colorable imitations of a trademark or service mark in connection with the sale or offering for sale goods that are likely to cause confusion of the source of origin of the goods.

84.     Defendants have reproduced, counterfeited, copied, or colorably imitated a trademark and applied it to labels, signs, prints and other writings intended to be used in conjunction with the sale or distribution of good or services.

85.      In violation of Kentucky Revised Statutes 365.601-365.603, Defendants knowingly acted with the intent to cause confusion between its products and Plaintiff's products.

86.     Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

87.     Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

88.     Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

**COUNT VIII**
**(Kentucky Statutory Unfair and Deceptive Trade Practices)**

89.     Coach repeats and realleges the allegations set forth in the preceding paragraphs.

90.     Coach owns all rights, title, and interest in and to the Coach Trademarks, including all common law rights in such marks.

91.     Defendants, without authorization from Coach, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from, the Coach Trademarks.

92.     Defendants, in the course of their business or occupation have:

a.)  passed off their goods or services as those of Coach;

b.)   caused likelihood of confusion as to the affiliation, connection or association of their goods with those of Coach;

c.)  caused likelihood of confusion of the source, sponsorship, approval or certification of their goods with Coach;

d.)  used deceptive representation or designations of geographic origin in connection with their goods;

e.)   represented that goods or services have sponsorship, approval, characteristics, that they do not have;

93.    By reason of the acts set forth above, Defendants have been and are engaged in deceptive acts or practices, which may be knowing and willful, in the conduct of a business, trade or commerce in violation of Kentucky Revised Statute §365.100 and §365. 990. The public is likely to be damaged as a result of Defendants' deceptive trade practices or acts.

94.    Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

95.    Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

96.    Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

### COUNT IX
### (Kentucky Common Law Unfair Trade Violations)

97.    Coach repeats and realleges the allegations set forth in preceding paragraphs.

98.    The Coach Trademarks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition.

99.    Through prominent, long, and continuous use in commerce, including commerce within the State of Kentucky, the Coach Trademarks have become and continue to be famous and distinctive.

100.    Defendants' use of the Infringing Products, without authorization from Coach, is diluting the distinctive quality of the Coach Trademarks and decreasing the capacity of such marks to identify and distinguish Coach products and has caused a likelihood of harm to Coach's business reputation in violation of Kentucky common law.

101.    Defendants have diluted the distinctive quality of the famous Coach Trademarks.

102.    Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not in law or equity entitled.

103.    Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this Court.

104.    Defendants' acts have damaged and will continue to damage Coach, and Coach has no adequate remedy at law.

**COUNT X**
**(Unjust Enrichment)**

105.    Coach repeats and realleges the allegations set forth in preceding paragraphs.

106.    The acts complained of above constitute unjust enrichment of Defendants at Coach's expense, in violation of the common law of the State of Kentucky.

**WHEREFORE,** Coach respectfully requests that this Court enter judgment against Defendants as follows:

A.    Finding that: (i) Defendants have violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)); and Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d)); (ii.) Defendants have violated 15 U.S.C. § 101 et. seq. Copyright law; (iii) Defendants have violated KRS 365.601- KRS 365.603, et. al; (iv) Defendants have violated KRS 365.100, KRS 365.990, et. al; (v.) Defendants have diluted the Coach Trademarks in violation of Kentucky common law; (vi) Defendants have engaged in trademark infringement and unfair competition under the common law of Kentucky; and (vii) Defendants have been unjustly enriched in violation of Kentucky common law;

B.    Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, 15 U.S.C §101 et.seq.; KRS 365.603, preliminarily and

permanently restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

1.  manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the Coach Trademarks, the Coach Trade Dresses, and/or the Coach Design Elements, or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Infringing Products, and engaging in any other activity constituting an infringement of any of Coach's rights in the Coach Trademarks, the Coach Trade Dresses, and/or the Coach Design Elements;

2.  engaging in any other activity constituting unfair competition with Coach, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Coach;

3.  engaging in any other activity that will cause the distinctiveness of the Coach Trademarks or Coach Trade Dresses to be diluted; or

C.  Requiring Defendants to recall from any distributors and retailers and to deliver to Coach for destruction or other disposition all remaining inventory of all Infringing Products, including all advertisements, promotional and marketing materials therefore, as well as means of making same;

D.  Requiring Defendants to file with this Court and serve on Coach within thirty days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

E.  Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been manufactured, imported, advertised, marketed,

promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Coach, or is related in any way with Coach and/or its products;

F.      Awarding Coach the maximum statutory damages of $2,000,000 per counterfeit mark per type of Infringing Products in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117) or alternatively, ordering Defendants to account to and pay to Coach all profits realized by their wrongful acts and also awarding Coach its actual damages, and also directing that such profits or actual damages be trebled, in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

G.      Awarding Coach actual and punitive damages to which it is entitled under applicable federal and state laws;

H.      Awarding Coach its costs, attorneys fees, investigatory fees, and expenses to the full extent provided by Section 35 of the Lanham Act (15 U.S.C. § 1117), and KRS 365.603;

I.      Awarding Coach pre-judgment interest on any monetary award made part of the judgment against Defendants; and

J.      Awarding Coach such additional and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Coach requests a trial by jury in this matter.

Dated:  March 8, 2011

Respectfully Submitted,

**SUTTER, O'CONNELL & FARCHIONE CO., LPA**

*/s/ Matthew C. O'Connell*
_____
MATTHEW C. O'CONNELL (KY # 86145)
3600 Erieview Tower

1301 E. 9th Street
Cleveland, OH  44114
Phone:  (216) 928-2200
Fax:  (216) 928-4400
Email:  moconnell@sutter-law.com
**Counsel for Plaintiffs Coach Inc. and Coach
Services, Inc.**